34 C.C.P.A. (Patents)

## Application of SOMES.
### Patent Appeal No. 5226.

Court of Customs and Patent Appeals.

Jan. 7, 1947.

Donald B. Waite, of, Philadelphia, Pa. (William R. Glisson, of New York City, John P. Tarbox, of Philadelphia, Pa., and Stone, Boyden & Mack, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 11, the only claim in appellant's application for a patent for an alleged invention relating to a method of hardening the surface of the bore of cylindrical structures, particularly cylinders for air-cooled internal combustion engines.

The claim reads:

"11. In a method of producing an annular, ferrous metal, air-cooled cylinder having spaced relatively deep cooling fins in which the thickness through the cylinder wall between the fins is but a fraction of the thickness through the cylinder wall and fins, and the metal at its bore is zone hardened to a predetermined uniform depth less than the cylinder wall thickness between the fins, the steps of providing an annular blank of metal hardenable by heating and quenching and having a substantially uniformly thick wall throughout the zone to be hardened which is of sufficient thickness to form the cylinder wall and permit the machining of said fins integrally thereon, then while utilizing the heating and quenching effect of the uniformly thick and unmachined wall of the blank externally of the zone to be hardened to insure uniform circumferential and axial

stress distribution and depth of hardness and also while utilizing the uniformly thick and unmachined wall of the blank to uniformly distribute induced magnetic flux in the zone to be hardened, inductively hardening the bore of the blank to said predetermined depth only, and thereafter machining the external fins in the blank."

The references relied upon are:

Gray et al., 1,703,232, February 26, 1929;

Denneen (Br.), 446,495, April 20, 1936;

Gehret, 2,125,106, July 26, 1938;

Farr, 2,281,426, April 28, 1942.

The purpose of appellant's process is to produce a ferrous metal air-cooled cylinder having relatively deep cooling fins on the outer side thereof. The thickness of the cylinder wall between the fins "is but a fraction of the thickness through the cylinder wall and fins," the bore of the cylinder being hardened "to a predetermined uniform depth less than the cylinder wall thickness between the fins, * * *."

The claim calls for the steps of providing an annular blank of metal having a substantially uniformly thick wall of sufficient thickness to permit the machining of cooling fins on the outer wall thereof, "inductively hardening the bore of the blank" by heating and quenching to a predetermined depth and thereafter machining the outer wall of the blank to produce the cooling fins thereon.

The patent to Gray et al. relates to a method of producing cylindrical couplings having "a case-hardened shell and a threaded soft tough steel inside wall * * *." The patentee's cylindrical couplings are hardened by a carbonization process. The process hardens the outer surface, as well as the surface of the bore of the cylindrical coupling. After the carbonization process is completed, the carbonized or hardened metal of the bore is drilled out so as to produce a soft, tough inside surface.

In each of the patents to Denneen and Farr the hardening of the inner surfaces of hollow cylindrical metal articles is accomplished by electro-magnetic induction and quenching. The outer surface of the cylinder is not hardened. It is conceded by counsel for appellant that each of those patents discloses "induction hardening, with flux heating of a thin layer and quenching" and that "Induction hardening is merely one of the known factors which applicant employs to obtain his new total effect. Induction heating is well adapted to harden a thin layer without heating an article through its whole section, * * *."

In each of the patents to Denneen and Farr the outer surface of the cylindrical metal articles remains soft and tough, as in appellant's cylinder. Neither of those patents discloses the machining of the outer walls of cylindrical metal articles to produce cooling fins, as called for by the appealed claim. However, it is old, as stated in appellant's application, to provide cooling fins on the outer walls of cylinders for internal combustion engines of the air-cooled type.

The patent to Gehret relates to a method of producing cylinders for internal combustion engines and discloses a method of producing an internal combustion engine cylinder in which a hollow cylindrical blank is first machined to form an annular rib having a flange which, the patentee states, is "used in securing the cylindrical block to the crank-case and to leave the wall of sufficient thickness for subsequent machining of the barrel to leave integral annular [reinforcing] ribs, * * *." The patentee's cylinder is water-cooled instead of air-cooled as is appellant's. The bore of the cylinder block in the patentee's disclosure is machined and, as he states, " * * * varied along its lengths to compensate for the distortions resulting from subsequent steps in the method of manufacture," that is to say, the bore of the cylinder block is machined to form a central portion, "a flared outer portion * * * extending from the upper end of a cylinder portion * * * to the upper end to which the cylinder head is to be attached, and a tapered portion * * * extending from the lower end of the [middle] cylinder portion * * * to the lower end of the cylinder * * *. This contour leaves sufficient stock on the outer diameter of the barrel to prevent distortion and to allow removal of the nitrided case on all surfaces except the internal diameter." The patentee's cylinder block is then subjected to a nitriding process— .

chemical process—to harden the cylinder block, particularly, as the patentee states, "in the metal of the internal periphery or bore of the cylinder for purposes well understood in the art." The outer surface of the cylinder is then machined to form annular ribs or fins.

We think it is clear from the patentee's disclosure that his process of heat hardening hardens both the outer surface of the cylinder and the surface of the bore therein. The machining of the outer surface of the cylinder removes the hardened portion thereof.

In addition to stating in his application that it is old in the art to provide radiating cooling fins on the external walls of cylinders for internal combustion engines of the air-cooled type, appellant states that such cylinders are relatively thin; that the cooling fins are "deep and closely spaced"; and that it has been the practice prior to his alleged invention to harden the entire cylinder by nitriding or by carbonizing "or by some other similar process."

Appellant further states in his application that by hardening substantially the entire cylinder structure, "warpage or distortion due to heat stresses" results, because hardening of the cylinder was effected after the machining of the cylinder to produce the cooling fins, and because the hardening of substantially the entire cylinder having thin walls can not be restricted to a proper depth so as to "permit the machining of deep fins subsequent to hardening upon the exterior of the cylinder without running into hardened metal."

Because of the difficulty, hereinbefore stated, appellant dispensed with the heating and quenching of the entire cylinder and by means of electro-magnetic induction, disclosed in the patents to Denneen and Farr, hardened merely the surface of the bore of a cylinder to a uniform depth and then by a machining process produced the cooling fins called for by the appealed claim. In other words, instead of first machining the cylinder and then hardening the entire cylinder, appellant first hardens the surface of the bore of the cylinder and then machines the outer surface of the cylinder in order to prevent the warpage or distor-

tion, hereinbefore referred to. First hardening and then machining a cylindrical article is clearly disclosed in the patents to Gehret and Gray et al.

It is obvious that there is no invention in employing electro-magnetic induction, disclosed in the patents to Denneen and Farr, to harden the surface of the bore of a cylinder to a predetermined uniform depth and to machine the outer wall of the cylinder.

It is true, as argued by counsel for appellant, that none of the patents of record anticipate the process defined by the appealed claim. However, it was not held by the tribunals of the Patent Office that any one reference anticipated appellant's alleged invention but, on the contrary, it was held that the process defined by the appealed claim was not patentable in view of the disclosures in the references of record.

It will be observed that the appealed claim calls for "relatively deep cooling fins in which the thickness through the cylinder wall between the fins is but a fraction of the thickness through the cylinder wall and fins, * * *."

Not only does the patent to Gehret disclose that the cylinder wall between the ribs is but a fraction of the thickness through the cylinder wall and the ribs, but it would seem to be obvious that cooling fins could not very well be produced in appellant's cylinder so as to prevent the cylinder wall between the fins being but a fraction of the thickness through the cylinder wall and the fins.

Counsel for appellant earnestly argue here that the process defined by the appealed claim produces a superior cylinder for internal combustion engines of the air-cooled type; that the references of record do not disclose a process for producing such a cylinder; and that, therefore, the appealed claim is patentable.

We have given careful consideration to the arguments presented by counsel but are of opinion that the tribunals of the Patent Office were right in rejecting the appealed claim in view of the prior art disclosures.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.